UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.: 0:21-cv-60515-FAM

PRESTIGE INSURANCE GROUP, LLC,
a Delaware Limited Liability Company and
ULISES CICCIARELLI, an individual,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
An Illinois Corporation,

    Defendant.
_____/

**DEFENDANT ALLSTATE INSURANCE COMPANY'S REPLY MEMORANDUM
IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Defendant Allstate Insurance Company ("Allstate"), by and through its undersigned counsel, files this reply in support of its Partial Motion to Dismiss Counts II (Fraudulent Inducement), IV (Florida Franchise Act, hereinafter "FFA"), and V (Defamation) of Plaintiffs' Complaint.

For the reasons set forth below and in Allstate's underlying motion, Allstate's Partial Motion to Dismiss should be granted.

**I.    The Fraudulent Inducement (Count II) and Violation of the Florida Franchise Act (Count IV) Claims Fail to Comply with Fed. R. Civ. P. 9(b).**

In their opposition, Plaintiffs spend more than half of their brief restating what they wrote in their Complaint. They concede, however, that they have failed to satisfy the key requirements of the Federal Rule of Civil Procedure 9(b) pleading standards, stating they have "not specifically

alleged the time and specific inducements made to them." Response, p. 9. This concession is fatal to Counts II and IV of Plaintiffs' Complaint.

Instead, Plaintiffs assert that they identify certain individuals – Kaylee Colvard and Char Jordan – who made allegedly false statements. Response, p. 9. But this is nowhere near enough to satisfy the requirements of Rule 9(b). Plaintiffs fail to identify what the specific statements were, what specific words were used, or where, how, or when those statements even were made. Nor do Plaintiffs allege that the speakers knew the alleged representations to be false when they were made or that Plaintiffs were justified in their reliance on such statements. These omissions require dismissal. *Cardenas v. Toyota Motor Corp.*, 418 F. Supp. 3d 1090, 1098 (S.D. Fla. 2019) (Moreno, J.) ("[A] plaintiff is required to plead the 'who, what, when, where, and how' pertaining to the underlying fraud"); *Begualg Inv. Mgmt. Inc. v. Four Seasons Hotel Ltd.*, No. 10-22153-CIV, 2011 WL 4434891, at *4 (S.D. Fla. Sept. 23, 2011) (dismissing claim for fraudulent inducement for failure to detail the "who, what, where, when, how of the allegedly false statements"); *Beaver v. Inkmart, LLC*, No. 12-60028, 2012 WL 12863137, at *2 (S.D. Fla. June 6, 2012) (dismissing claim for violation of FFA for failure to identify "precise misstatement – let alone the time, date, or place where the misstatement was made").

Moreover, Plaintiffs have failed to identify a single case where a court permitted a claim to survive a motion to dismiss when the plaintiff failed to allege the time and specific content of representations required by Rule 9(b). *See United States ex rel. Mastej v. Health Mgmt. Assocs., Inc.*, 591 F. App'x 693, 703 (11th Cir. 2014) (plaintiff must alert defendant to the "precise misconduct" by identifying specific details regarding the time, place, and substance of the alleged fraud); *United States ex rel. Matheny v. Medco Health Sols.*, 671 F.3d 1217, 1226 (11th Cir. 2012) (plaintiffs must plead particularized facts by alleging the dates, the parties involved, and the subject

2

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

matter discussed); *Melton v. Century Arms, Inc.*, 243 F. Supp. 3d 1290, 1300 (S.D. Fla. 2017) (pleading standard satisfied when plaintiff asserted reasonable and justifiable reliance on alleged deliberate silence).  Because Plaintiffs concede they have failed to plead their fraudulent inducement and FFA claims with particularity as required by Rule 9(b), Counts II and IV must be dismissed.

**II.     Plaintiffs' Fraudulent Inducement (Count II) and FFA Claims (Count IV) are Barred by the Merger Clause and Count II is also Barred by the Independent Tort Doctrine.**

In their opposition, Plaintiffs fail to address any of Allstate's arguments concerning the application of the merger clause in Plaintiffs' contracts (Counts II and IV) and independent tort doctrine (Count II).  Instead, Plaintiffs state that their allegations "are sufficient to exclude application of the merger clause and economic loss doctrine."  Response, p. 11.  Allstate has not raised at this point an issue with the economic loss doctrine and Plaintiffs' arguments are incorrect in any event.  As set forth in Allstate's motion, Plaintiffs' allegations concerning alleged misrepresentations are expressly contradicted by their written contracts.  Plaintiffs allege that (1) Allstate made representations about (a) the financial benefits of becoming an Allstate agent, specifically that Plaintiffs were entitled to additional compensation under the Enhanced Compensation Plan and (b) Plaintiffs' chances of success, and (2) Allstate was developing a program that would reduce Plaintiffs' bonuses and compensation by eliminating their customer base.  *See* Complaint ¶¶ 14, 16, 30-32, 108-109.  However, these allegations are expressly contradicted by various provisions in Plaintiffs' contracts.  *See* Complaint, Ex. B and C, Section XV ("[t]he sole compensation to which you will be entitled for services rendered pursuant to this Agreement will be the Commissions set forth in the Supplement, which may be amended from time to time" and "[t]he Company may provide you with such bonuses, awards, prizes, and other

3

remuneration based on performance, if any, as it may prescribe in its sole discretion"); *id.* at Section I.F. ("[t]he Company will determine in its sole discretion all matters relating to its business and the operation of the Company, including the determination of…charges for insurance and other Company Business"); *id.* at Section V.A. (Plaintiffs have "no exclusive territorial rights in connection with [their] sales location"); *and* Motion, Ex. 1 at Section 3(2.0) (Allstate "reserves the right to change or eliminate any Bonus Compensation").

No claim for fraudulent inducement will lie where the alleged fraud contradicts a subsequent written agreement. *Topp, Inc. v. Uniden Am. Corp.*, 513 F. Supp. 2d 1345, 1348 (S.D. Fla. 2007) (Moreno, J). This is especially so, as is the case here, "where the parties have specifically agreed in an integration clause that their written contract 'supersedes all prior agreements or understandings.'" *Hotels of Key Largo, Inc. v. RHI Hotels, Inc.,* 694 So. 2d 74, 77 (Fla. 3d DCA 1997) (quoting *Tevini v. Roscioli Yacht Sales, Inc.*, 597 So. 2d 913 (Fla. 4th DCA 1992)). Thus, Plaintiffs' fraudulent inducement and FFA claims are barred by the merger clause contained in their contracts.

In addition, as set forth in Allstate's motion, the fraudulent inducement claim is further barred by the independent tort doctrine. Plaintiffs have failed to present any argument or facts to show that their fraudulent inducement claim is separate and distinct from their breach of contract claim. Rather, Plaintiffs' fraudulent inducement claim is based on the terms of the Agreements which Plaintiffs allege entitled them to the bonuses and commissions they claim they did not receive. But where the only alleged misrepresentation "concerns the heart of the parties' agreement, simply applying the label of 'fraudulent inducement' to a cause of action will not suffice" to subvert the independent tort doctrine. *Hotels of Key Largo*, 694 So. 2d at 77.

4

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

Plaintiffs' reliance on *MeterLogic, Inc. v. Copier Solutions, Inc.* to save their claim from dismissal is misplaced. 126 F. Supp. 2d 1346, 1362 (S.D. Fla. 2000). In *MeterLogic*, unlike here, the subject of the fraudulent statements that plaintiffs alleged induced them into entering into a contract were not covered by the contract itself. *Id.* at 1362 (allegations that were not part of contract supported fraudulent inducement claim); *see Larach v. Std. Chtd. Bank*, No. 09-21178, 2011 WL 13173896, at *10 (S.D. Fla. June 7, 2011) (under *MeterLogic*, for fraudulent inducement claim to survive in the face of a merger clause and to escape application of the economic loss rule, "the 'inducing' misrepresentation must relate to an issue that *falls outside* of the four corners of the written contract"). Here, Plaintiffs fail to allege or call out any representations not covered or contemplated by the parties' R3001 Agreements and the incorporated EA Manual and Supplement.

Accordingly, Counts II and IV are barred by the merger clause and must be dismissed. Count II must also be dismissed as it is barred by the independent tort doctrine.

### III. Plaintiffs' Defamation Claim Must Be Dismissed.

Plaintiffs concede, as they must, that Allstate's statements to the Florida Office of Insurance Regulation trigger the protections of the qualified privilege. Response, p.12. Based on this concession, the issue turns on whether Plaintiffs have met the pleading requirement to proceed with their defamation claim by alleging facts necessary to establish express malice. While it is up to the Court to determine if the qualified privilege exist, it is still the obligation of *Plaintiffs* to assert the facts in the Complaint to support a finding of express malice. Despite Plaintiffs' arguments to the contrary, the Complaint is devoid of such allegations.

Nowhere in the Complaint do Plaintiffs allege facts that would support a conclusion that Allstate acted with "ill will, hostility *and* an evil intention to defame and injure." *Jarzynka v. St. Thomas Univ. of Law*, 310 F. Supp. 2d 1256, 1268 (S.D. Fla. 2004). Rather, Plaintiffs focus on

5

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

the allegations disputing the veracity of Allstate's stated reasons for its actions and its claims that the investigation and determination was a "sham."  Response, p. 13.  These allegations, even when considered in their "totality," do not rise to the level of establishing that Allstate's primary motive in making the alleged defamatory statement was to injure Plaintiffs' reputations.  *See Corp. Fin., Inc. v. Principal Life Ins. Co.*, 461 F. Supp. 2d 1274, 1293 (S.D. Fla. 2006).  As the Florida Supreme Court noted in *Nodar v. Galbreath*, reliance on the purported falsity of the statements at issue is legally insufficient to establish express malice.  *Nodar v. Galbreath*, 462 So. 2d 803, 810-11 (Fla. 1984).

Plaintiffs have not cited to any caselaw in which similar allegations were deemed sufficient to establish express malice and overcome a challenge to a defamation claim on a motion to dismiss.  Nor has Allstate identified such authority.  Because Plaintiffs cannot otherwise establish the high threshold for establishing actual malice, Plaintiffs' defamation claim should be dismissed.

**IV.    Plaintiffs' Request to Amend Must be Denied.**

Federal Rule of Civil Procedure 15(a) gives a plaintiff the right to amend a complaint once as a matter of course, so long as no responsive pleading has been filed.  For the purpose of Rule 15, a motion to dismiss is not a responsive pleading.  *Coventry First, LLC v. McCarty*, 605 F.3d 865, 869 (11th Cir. 2010).  When a party can amend its complaint as a matter of course, but instead requests leave from the court to amend, it waives its rights to amend as a matter of course and invites the District Court to review its proposed amendments.  *Coventry First,* 605 F.3d at 870 (when a party "waives a procedural right," such as amending a complaint, "he cannot later complain that any resulting error is reversible") (quoting *United States v. Brannan*, 562 F.3d 1300, 1306 (11th Cir. 2009)).

6

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

Rather than amending their Complaint as a matter of course to include the requisite details for their fraudulent inducement and FFA claims, Plaintiffs instead affirmatively opposed the Motion standing firm on their position that the Complaint, as currently framed, is legally sufficient. Only as a fallback position, do Plaintiffs ask the Court for "the opportunity to amend their Complaint to provide more particular allegations regarding their claims." Response, p. 2. In making their request, Plaintiffs fail to present *any* additional facts that would support their fraudulent inducement and FFA claims, much less satisfy the heightened particularity requirement under Rule 9. Instead, they merely repeat the deficient factual allegations in their Complaint. Thus, not only have Plaintiffs waived their right to amend their Complaint as a matter of course, they have failed to present any proposed amendments or even preview for the Court what facts Plaintiffs purportedly have in their possession that would be sufficient to comply with Rule 9. Indeed, with Plaintiffs having conceded that they failed to meet the requirements of Rule 9 with regard to the fraudulent inducement and FFA claims, one would expect that they would have made at least some effort to remedy that deficiency by explaining the specifics of the allegedly fraudulent and misleading statements that were made, when they occurred, what words were used, and the like. However, Plaintiffs made no such effort.

Likewise, Plaintiffs have made no efforts to cure the pleading deficiencies in their defamation claim. As with the fraudulent inducement and FFA claims, it would be reasonable to expect that Plaintiffs would have provided the Court with a preview of the facts they allegedly possess that could meet the requisite pleading standard. But they did not do so, quite likely because they recognize they cannot establish the high threshold necessary for establishing actual malice.

Accordingly, Plaintiffs' request to amend must be denied. *See Coventry First,* 605 F.3d at 870 (an amendment is futile "when the complaint as amended would still be properly dismissed").

7

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

**V.     Conclusion**

For the reasons set forth above, the Court should dismiss Counts II, IV, and V of Plaintiffs' Complaint.

Dated: May 19, 2021  
Miami, Florida

Respectfully submitted,

By: */s/ Ingrid H. Ponce*
INGRID H. PONCE, ESQ.
Florida Bar No. 166774
iponce@stearnsweaver.com
STEARNS WEAVER MILLER WEISSLER
 ALHADEFF & SITTERSON, P.A.
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida  33130
Telephone:  (305) 789-3200
Facsimile:   (305) 789-3395

ROBERT G. LIAN, JR., ESQ.
DC Bar No. 446313 (*pro hac vice*)
blian@akingump.com
ALLISON S. PAPADOPOULOS, ESQ.
DC Bar No. 1023010 (*pro hac vice*)
apapadopoulos@akingump.com
KATHERINE I. HEISE, ESQ.
DC Bar No. 1672558 (*pro hac vice*)
kheise@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, N.W.
Washington, DC  20006
Telephone:  (202) 887-4000
Facsimile:   (202) 887-4288

*Attorneys for Defendant*
*ALLSTATE INSURANCE COMPANY*

8

STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street, Suite 2200 ▪ Miami, FL 33130 ▪ (305) 789-3200

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 19th day of May, 2021, a true and correct copy of the foregoing was electronically filed with the Clerk of Court and served through electronic mail via transmission of Notices of Electronic Filing generated by CM/ECF to:

Eric A. Parzianello, Esq.
eparzianello@hspplc.com
John A. Hubbard, Esq.
jhubbard@hspplc.com
HUBBARD SNITCHLER & PARZIANELLO PLC
999 Vanderbilt Beach Road
Suite 200
Naples, Florida  34108

*/s/ Ingrid H. Ponce*
INGRID H. PONCE