UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 21-60515-CIV-MORENO

PRESTIGE INSURANCE GROUP and
ULISES CICCIARELLI,

        Plaintiffs,

vs.

ALLSTATE INSURANCE COMPANY,

        Defendant.
_____/

## ORDER DISMISSING COUNT II, COUNT IV, AND COUNT V OF THE FIRST AMENDED COMPLAINT

### I. BACKGROUND

Prestige Insurance Group, LLC, is a Delaware limited liability company authorized to do business in Florida. Ulises Cicciarelli is Prestige's President and Broker.[1] In March 2019, Cicciarelli began working with Allstate Insurance Company—specifically Allstate Field Sales Leader Kaylee Colvard—to learn about becoming an Allstate agent. Cicciarelli also discussed the benefits of becoming an Allstate agent with other Allstate employees, representatives, and agents.

In the First Amended Complaint, Plaintiffs allege that, based on the representations made during those discussions with Colvard and others, Cicciarelli submitted an application to Allstate for an Exclusive Agency Agreement. Plaintiffs allege that Allstate assigned to Cicciarelli a Field Sales Leader who provided him with information about Allstate and reviewed Cicciarelli's business plan. Ultimately Cicciarelli and Prestige entered into an Exclusive Agency Agreement

---

[1] Prestige and Cicciarelli are collectively referred to as "Plaintiffs."

with Allstate, which established an independent-contractor relationship between Cicciarelli and Allstate.

According to the Complaint, Prestige was the most successful Allstate agency in the country. That success was to result in substantial commissions per the Allstate Enhanced Compensation Plan. But Plaintiffs allege that unbeknownst to Cicciarelli and Prestige, Allstate was developing initiatives that would reduce bonuses and commissions. Plaintiffs also allege that Allstate, aware of and wanting to avoid the significant bonuses and commission it would need to pay, launched an illegitimate investigation into Plaintiffs' representations in their application. Throughout the investigation, Allstate allowed Plaintiffs to continue to pay overhead costs while Allstate profited from premiums paid by customers who bound coverage because of Plaintiffs' efforts.

After the investigation—with which Plaintiffs claim to have fully cooperated—Allstate terminated the Exclusive Agency Agreement by a termination letter. The termination letter indicated that Allstate was terminating its relationship with Cicciarelli and Prestige because they provided false information to Allstate and failed to issue policies according to Allstate guidelines. It also indicated that Allstate would not pay any bonus commissions to Plaintiffs earned under the Enhanced Compensation Plain. The Complaint alleges that Allstate did not provide sufficient time for Plaintiffs to transfer their interest following termination, and that Allstate did not pay the termination payment due to Plaintiffs.

After termination, Allstate published correspondence to the Florida Office of Insurance Regulation communicating that Cicciarelli had been terminated for cause for providing false information and failing to issue policies according to Allstate guidelines. Plaintiffs allege that Allstate knew that such claim was false.

Plaintiffs argue that there was no valid basis for Allstate to terminate the Exclusive Agency Agreement for cause and to withhold payment of bonuses earned in 2020 under the Enhanced Compensation Plan. Plaintiffs brought this suit alleging breach of contract (Count I), fraudulent concealment (Count II), breach of implied duty of good faith (Count III), violation of the Florida Franchise Act (Count IV), and defamation (Count V). Allstate moves to dismiss Count II, Count IV, and Count V. For the following reasons, Allstate's motion is GRANTED and all three Counts are DISMISSED.

## II. LEGAL STANDARD

A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When ruling, the Court must accept factual allegations as true and draw all inferences in the light most favorable to the plaintiff. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Conclusory statements are insufficient to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. ANALYSIS

### A. Shotgun Pleading

Allstate argues that the First Amended Complaint is a shotgun pleading, like the Original Complaint. In the Original Complaint, each of Plaintiffs' six counts reincorporated "all prior paragraphs of the complaint as if restated herein." *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015) (the "most common type" of shotgun pleading is one where "each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"). However, in the First Amended Complaint, each count does not adopt allegations of all preceding counts. Rather, each of the six counts adopts only the factual allegations, relying

upon specific factual allegations to support each claim. This, contrary to Allstate's argument, does not constitute a shotgun pleading. Additionally, Allstate's argument that the First Amended Complaint is a shotgun pleading because the counts incorporate all factual allegations rather than the ones specific to that claim fails. Incorporating all factual allegations does not make a complaint a shotgun pleading. *Id.* at 1321–23 (listing the four types of shotgun pleadings). Finally, Allstate's argument that some counts do not relate to any of the factual allegations is patently false. As such, the Court declines to dismiss the First Amended Complaint as a shotgun pleading.

### B. Fraudulent Concealment

Count II of the Complaint alleges that Allstate fraudulently concealed that: (1) Allstate was developing internal policies and procedures intended to reduce the commissions and bonuses paid to agents; (2) Allstate began a "Direct Channel Pricing" initiative; (3) Allstate introduced a "channel of bind" in the District of Columbia and intended to do so elsewhere to undercut agents; (4) Allstate intended to undercut Plaintiffs on pricing of policies by offering policies at a discount through direct sales; (5) Allstate intended to compete with Plaintiffs; and (6) Allstate intended to reduce commissions and bonuses.

The elements of a claim for fraudulent concealment under Florida law are:

> (1) a misrepresentation of material fact or suppression of the truth; (2)[a] knowledge of the representor of the misrepresentation, or [b] representations made by the representor without knowledge as to either the truth or falsity, or [c] representations made under circumstances in which the representor ought to have known, if he did not know, of the falsity thereof; (3) an intention that the representor induce another to act on it; and (4) resulting injury to the party acting in justifiable reliance on the representation.

*Greenberg v. Miami Children's Hosp. Res. Inst., Inc.*, 264 F. Supp. 2d 1064, 1073 (S.D. Fla. 2003).

First, Plaintiffs have not pleaded facts with the required level of specificity. There is a heightened pleading standard for claims of fraudulent concealment under Federal Rule of Civil Procedure 9(b). Rule 9(b) requires that "a party must state with particularity the circumstances constituting fraud or mistake"; however, "conditions of a person's mind" may be alleged generally. Under Rule 9(b), a plaintiff must allege: "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." *Cardenas v. Toyota Motor Corp.*, 418 F. Supp. 3d 1090, 1098 (S.D. Fla. 2019). Basically, a plaintiff must plead the "who, what, when, where, and how" of the underlying fraud. *Id.*

Here, Plaintiffs allege that Cicciarelli "had many discussions with Allstate employees, representatives and agents, who made representations regarding the benefits of becoming an Allstate agent," and that an unidentified Field Sales Leader failed to disclose material facts about Allstate's initiatives. Plaintiffs also allege that they "detrimentally relied on the misinformation by expending significant costs to start their business operations and to enter into" the Exclusive Agency Agreement. But Plaintiffs do not state what the misrepresentations were or who specifically made those representations, nor do they provide a time when or place where the misrepresentations were made. Therefore, Plaintiffs' claim for fraudulent concealment does not meet the threshold requirement of Federal Rule of Civil Procedure 9(b), and so the Court must dismiss the claim.

Additionally, Plaintiffs have not sufficiently alleged that Allstate had a duty to disclose and that Allstate concealed or failed to disclose a material fact. Under Florida law, fraudulent concealment exists only where a duty to make disclosures exists. *Friedman v. Am. Guardian*

5

*Warranty Servs., Inc.*, 837 So. 2d 1165, 1166 (Fla. Ct. App. 2003); *Greenberg*, 264 F. Supp. 2d at 1073 ("Allegations of fraudulent concealment by silence must be accompanied by allegations of a special relationship that gives rise to a duty to speak."). "This duty arises when one party has information in which the other party has a right to know because there is a fiduciary or other relation of trust or confidence between the two parties. Where a party in an arm's-length transaction undertakes to disclose information, all material facts must be disclosed." *Friedman*, 837 So. 2d at 1166 (citation omitted).

The Complaint alleges that "Allstate put the [Field Sales Leader] in a position of trust to Cicciarelli," and "Allstate put the [Field Sales Leader] in a position to disclose information to Cicciarelli regarding the operations of Allstate." But even accepting these allegations as true—as the Court must—they amount to nothing more than conclusory statements unable to survive the motion to dismiss. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). For these reasons, Count II of the First Amended Complaint is DISMISSED.

**C. Violation of the Florida Franchise Act**

Count IV of the Complaint alleges that Allstate violated the Florida Franchise Act because Allstate intentionally concealed the prospects or chances for success of Plaintiffs' proposed agency. The Complaint also alleges that Plaintiffs were franchisees under the Florida Franchise Act, and that the assignment of a Field Sales Leader removed any existence of an arm's length transaction and put Allstate in a position of trust and confidence to Cicciarelli.

First, as a threshold matter, and for similar reasons as above, Plaintiffs have not pleaded facts with the specificity required by Federal Rule of Civil Procedure 9(b). Keeping in mind that a plaintiff must plead the "who, what, when, where, and how" of the underlying fraud, *Cardenas*,

418 F. Supp. 3d at 1098, Plaintiffs here have alleged a number of "intentional[] concealment[s]," but provide no information as to persons who made those concealments, and when or where those concealments took place.

Second, Plaintiffs have alleged a failure to disclose, rather than misrepresentation. Under the Florida Franchise Act, it is unlawful to (1) intentionally "misrepresent the prospects or chances for success of a proposed or existing franchise or distributorship"; (2) intentionally "misrepresent, by failure to disclose or otherwise, the known required total investment for such franchise or distributorship"; or (3) intentionally "misrepresent or fail to disclose efforts to sell or establish more franchises or distributorships than is reasonable to expect the market or market area for the particular franchise or distributorship." Fla. Stat. § 817.416(2)(a). Plaintiffs allege the first type of violation under the Act, § 817.416(2)(a)(1)—that Allstate acted unlawfully by "intentionally conceal[ing] the prospects or chances for success of Plaintiffs' proposed agency."

Statutes must be read as they are written. *Brown v. State*, 260 So. 3d 147, 150 (Fla. 2018). Section 817.416(2)(a)(1) clearly requires that Plaintiffs allege intentional misrepresentations, not concealments. Moreover, the Act explicitly includes "failure to disclose" as a basis for other two types of violations, neither of which Plaintiffs allege. *See* Fla. Stat. § 817.416(2)(a)(2) & (3). Where lawmakers know how to say something but choose not to, their silence is controlling. *Animal Legal Def. Fund v. U.S. Dep't of Agriculture*, 789 F.3d 1206, 1217 (11th Cir. 2015). The drafters of the Act could have made concealment of chances of success unlawful, but instead chose to limit it to affirmative misrepresentations alone. In sum, the plain language of the Act is clear that only intentional misrepresentations of the prospects or chances of success are unlawful under § 817.416(2)(a)(1). As such, Plaintiffs failed to state a claim under the Florida Franchise Act. Count IV of the First Amended Complaint is DISMISSED.

**D. Defamation**

Count V of the Complaint alleges that Allstate's correspondence to the Florida Office of Insurance Regulation constitutes defamation. "In Florida, a statement made by one having an interest or duty in the subject matter thereof, to another person having a corresponding interest or duty therein, is conditionally privileged, even though the statement may be false and otherwise actionable." *Jarzynka v. St. Thomas Univ. of Law*, 310 F. Supp. 2d 1256, 1267 (S.D. Fla. 2004). Allstate, as an "insurer terminating the appointment" of its agent Cicciarelli, had the legal obligation to inform the Florida Office of Insurance Regulation of the termination and a "statement of the reasons, if any, for and the facts relative to such termination." Fla. Stat. § 626.511(1). Allstate's statements to the Florida Office of Insurance Regulation were thus privileged as a matter of law.

Given that the statements were privileged, Plaintiffs must plead express malice to proceed with their defamation claim. *See Jarzynka*, 310 F. Supp. 2d at 1263 ("Where an alleged defamatory statement is subject to a qualified privilege, the plaintiff must allege malice to proceed with his claim."). Florida courts have defined express malice as ill will, hostility, and an evil intention to defame and injure. *Id.* at 1268 (citing Florida cases). "Express malice under the common law of Florida, necessary to overcome the common-law qualified privilege, is present where the primary motive for the statement is shown to have been an intention to injure the plaintiff." *Nodar v. Galbreath*, 462 So. 2d 803, 806 (Fla. 1984). Here, Plaintiffs allege that Allstate's statements were false, and that Allstate knowingly made these false statements. But Plaintiffs have not alleged that Allstate intended to injure them, nor have they alleged ill will or hostility. Accordingly, Plaintiffs have not sufficiently stated a claim for defamation upon which relief can be granted. Count IV of the First Amended Complaint is DISMISSED.

## IV. CONCLUSION

It is ADJUDGED that Allstate's Motion to Dismiss **(D.E. 20)** is GRANTED. Count II, Count IV, and Count V of the First Amended Complaint are DISMISSED with prejudice.

DONE AND ORDERED in Chambers at Miami, Florida, this ___12th___ of April 2022.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record