UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.: 0:21-cv-60515-MORENO

PRESTIGE INSURANCE GROUP, LLC,
a Delaware Limited Liability Company and
ULISES CICCIARELLI, an individual,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
An Illinois Corporation,

    Defendant.
_____/

## DEFENDANT ALLSTATE INSURANCE COMPANY'S ANSWER TO THE REMAINING CLAIMS IN PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant Allstate Insurance Company ("Allstate") hereby answers each of the paragraphs of Plaintiffs' First Amended Complaint (the "Complaint") as set forth below. As noted herein, Plaintiffs' causes of action for fraudulent concealment (Count II), violation of the Florida Franchise Act (Count IV), and defamation (Count V) were dismissed with prejudice on April 12, 2022. *See* DE #28. Accordingly, Allstate answers only the allegations in the Complaint that are relevant to Plaintiffs' remaining claims. Any allegation in the Complaint that is not expressly admitted is denied.

1. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 and therefore denies them.

2. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 and therefore denies them.

1

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3 and therefore denies them.

4. Defendant admits the allegations in paragraph 4.

5. Defendant admits that Plaintiffs allege that their claims arise under 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 2201.  Defendant denies the remaining allegations in paragraph 5.

6. Defendant admits the allegations in paragraph 6.

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7 and therefore denies them.

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8 and therefore denies them.

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9 and therefore denies them.

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10 and therefore denies them.

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11 and therefore denies them.

12. Defendant denies the allegations in paragraph 12.

13. Defendant denies the allegations in paragraph 13.

14. Defendant admits Cicciarelli had discussions with Kayley Colvard about becoming an Allstate agent.  Defendant denies the remaining allegations in paragraph 14.

15. Defendant admits Cicciarelli executed an Agent Pre-Appointment Agreement for the Allstate Exclusive Agency Program.  Defendant denies the remaining allegations in paragraph 15.

16. Defendant admits the Enhanced Compensation Plan states it was "designed to provide additional compensation that rewards new agency owners for profitable growth and helps them deliver on the customer value proposition through a trusted advisor model." Defendant denies the remaining allegations in paragraph 16.

17. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 and therefore denies them.

18. Defendant admits Cicciarelli communicated with Kaylee Colvard about the process of becoming an Allstate agent. Defendant denies the remaining allegations in paragraph 18.

19. Defendant admits the allegations in paragraph 19.

20. Defendant admits Allstate assigned an FSL to Cicciarelli. Defendant denies the remaining allegations in paragraph 20.

21. Defendant denies the allegations in paragraph 21.

22. Defendant denies the allegations in paragraph 22.

23. Defendant denies the allegations in paragraph 23.

24. Defendant admits Cicciarelli drafted a business plan and provided it to Allstate. Defendant denies the remaining allegations in paragraph 24.

25. Defendant denies the allegations in paragraph 25.

26. Defendant lacks information or knowledge sufficient to form a belief as to the allegations in paragraph 26 and therefore denies them.

27. Defendant denies the allegations in paragraph 27.

28. Defendant denies the allegations in paragraph 28.

29. Defendant admits Cicciarelli and Prestige communicated periodically with Kaylee Colvard from the time of the application through the execution of the agency agreements. Defendant denies the remaining allegations in paragraph 29.

30. Defendant admits the allegations in paragraph 30.

31. Defendant admits the allegations in paragraph 31.

32. Defendant admits that the R3001S governs the relationship between Allstate and Cicciarelli. Defendant denies the remaining allegations in paragraph 32.

33. Defendant admits the allegations in paragraph 33.

34. Defendant admits that both the R3001S and R3001C incorporate several additional documents by reference as part of the terms of the agreements, including the Supplement for the R3001 Agreement ("Supplement"), the Exclusive Agency Independent Contractor Manual ("EA Manual") and the Allstate Agency Standards ("Agency Standards"). Defendant denies the remaining allegations in paragraph 34.

35. Defendant denies the allegations in paragraph 35.

36. Defendant denies the allegations in paragraph 36.

37. Defendant denies the allegations in paragraph 37.

38. Defendant denies the allegations in paragraph 38.

39. Defendant admits Allstate introduced a "channel of bind" in the District of Columbia. Defendant denies the remaining allegations in paragraph 39.

40. Defendant denies the allegations in paragraph 40.

41. Defendant admits there are various channels through which Allstate policies can be purchased. Defendant denies the remaining allegations in paragraph 41.

42. Defendant denies the allegations in paragraph 42.

43. Defendant denies the allegations in paragraph 43.

44. Defendant denies the allegations in paragraph 44.

45. Defendant denies the allegations in paragraph 45.

46. Defendant denies the allegations in paragraph 46.

47. Defendant denies the allegations in paragraph 47.

48. Defendant admits it conducted interviews of Plaintiff Ulises Cicciarelli and licensed sales producers Glen Hunter, Prianca Little, Meileik Williams, and Jose Rijos on or around October 12, 2020.  Defendant denies the remaining allegations in paragraph 48.

49. Defendant admits it interviewed Prianca Little, Meileik Williams, Glen Hunter, Jose Rijos and Ulises Cicciarelli.  Defendant denies the remaining allegations in paragraph 49.

50. Defendant denies the allegations in paragraph 50.

51. Defendant denies the allegations in paragraph 51.

52. Defendant denies the allegations in paragraph 52.

53. Defendant denies the allegations in paragraph 53.

54. Defendant denies the allegations in paragraph 54.

55. Defendant admits the allegations in paragraph 55.

56. Defendant denies the allegations in paragraph 56.

57. Defendant admits Plaintiffs were permitted to run their agency through November 13, 2020.  Defendant denies the remaining allegations in paragraph 57.

58. Defendant admits the allegations in paragraph 58.

59. Defendant admits Plaintiffs were sent a letter that stated: "This letter is notice that Allstate Insurance Company is terminating the Allstate R3001C Exclusive Agency Agreement

("Agreement" with [INSERT AGENCY NAME], ("Agency") effective immediately." Defendant denies the remaining allegation in paragraph 59.

60. Defendant admits the termination letter stated "The termination is pursuant to Section XVII.B.3 of the Agreement. Allstate is taking this action for reasons that include providing false information to the company and failing to issue policies according to Allstate guidelines." Defendant denies the remaining allegations in paragraph 60.

61. Defendant admits the allegations in paragraph 61.

62. Defendant admits Allstate sent a letter to the Florida Office of Insurance Regulation. Allstate admits the letter stated: "The 'for-cause' termination reason is due to providing false information to the company and failing to issue policies according to Allstate guidelines." Defendant denies the remaining allegations in paragraph 62.

63. Defendant denies the allegations in paragraph 63.

64. Defendant denies the allegations in paragraph 64.

65. Defendant denies the allegations in paragraph 65.

66. Defendant denies the allegations in paragraph 66.

67. Defendant admits the Agreements and Supplement provide that Allstate may terminate the Agreements "for cause."  Defendant denies the remaining allegations in paragraph 67.

68. Defendant denies the allegations in paragraph 68.

69. Defendant denies the allegations in paragraph 69.

70. Defendant denies the allegations in paragraph 70.

71. Defendant denies the allegations in paragraph 71.

72. Defendant denies the allegations in paragraph 72.

73. Defendant denies the allegations in paragraph 73.

74. Defendant denies the allegations in paragraph 74.

75. Defendant admits the allegations in paragraph 75.

76. Defendant denies the allegations in paragraph 76.

77. Defendant denies the allegations in paragraph 77.

78. Defendant denies the allegations in paragraph 78.

79. Defendant denies the allegations in paragraph 79.

80. Defendant denies the allegations in paragraph 80.

81. Defendant denies the allegations in paragraph 81.

82. Defendant admits the termination letter stated: "Please note that the termination payment is conditioned upon, for example, compliance with the confidentiality and non-solicitation provisions that survive the termination of the Agreement and the immediate return of Allstate property." Defendant denies the remaining allegations in paragraph 82.

83. Defendant admits that on February 8, 2021 Allstate sent a letter to Mr. Cicciarelli stating: "It has come to our attention that since the termination of your Allstate R3001C Exclusive Agency Agreement on November 13, 2020, you have misappropriated Allstate confidential and proprietary information, including customer names and contact information." Defendant denies the remaining allegations in paragraph 83.

84. Defendant admits Plaintiffs' counsel sent Allstate a letter dated February 9, 2021, stating Cicciarelli "denies misappropriating any confidential and proprietary information, or any violations of the terms of his Agreement or the Uniform Trade Secret Act." Defendant further admits the letter stated: "To assist in the investigation, we ask that you please provide any information you have available to help identify the specific confidential and proprietary information you believe was misappropriated. Please provide the specific names and authors of

the documents involved and the dates they were created, the format of the documents, the number of customers listed on such documents, and how Allstate first generated this customer list. Also please identify the specific dates on which you believe Mr. Cicciarelli gained access, how you believe he gained access, and the specific actions you believe constituted misuse and the dates such action occurred." Defendant denies the remaining allegations in paragraph 84.

85. Defendant denies the allegations in paragraph 85.

86. Defendant denies the allegations in paragraph 86.

87. Defendant admits that the National Association of Professional Allstate Agents, Inc. brought a lawsuit against Allstate that was originally filed in the United States District Court for the Northern District of Illinois and later refiled in Cook County, Illinois on August 6, 2021. Defendant denies the remaining allegations in paragraph 87.

## COUNT I

## BREACH OF CONTRACT

88. Defendant re-alleges its answers to paragraphs 1-87, inclusive.

89. Defendant admits the allegations in paragraph 89.

90. Defendant denies the allegations in paragraph 90.

91. Defendant denies the allegations in paragraph 91.

92. Defendant denies the allegations in paragraph 92.

93. Defendant denies the allegations in paragraph 93.

94. Defendant denies the allegations in paragraph 94.

95. Defendant denies the allegations in paragraph 95.

96. Defendant denies the allegations in paragraph 96.

## COUNT II

## FRAUDULENT CONCEALMENT

97. – 106.  The allegations contained in Count II of the Complaint have been dismissed.  *See* DE #28.  Therefore, no response is required.  However, to the extent these allegations may be construed against Defendant, Defendant denies the allegations in paragraphs 97 - 106.

## COUNT III

## BREACH OF IMPLIED DUTY OF GOOD FAITH

107. Defendant re-alleges its answers to paragraphs 1-87, inclusive.

108. Paragraph 108 states an allegation of law and not of fact.  Defendant denies the allegations in paragraph 108 to the extent they are inconsistent with applicable law.

109. Defendant admits that the terms of the Agreements speak for themselves in terms of what they provide by way of discretion to Allstate.  Defendant denies Plaintiffs' allegations in paragraph 109 to the extent that its characterizations are inconsistent with the terms of the Agreements.

110. Paragraph 110 states an allegation of law and not of fact.  Defendant denies the allegations in paragraph 110 to the extent they are inconsistent with applicable law.

111. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 111 and therefore denies them.

112. Defendant denies the allegations in paragraph 112.

113. Defendant denies the allegations in paragraph 113.

114. Defendant denies the allegations in paragraph 114.

115. Defendant denies the allegations in paragraph 115.

116. Defendant denies the allegations in paragraph 116.

117. Defendant denies the allegations in paragraph 117.

118. Defendant denies the allegations in paragraph 118.

119. Defendant denies the allegations in paragraph 119.

## COUNT IV

## VIOLATION OF THE FLORIDA FRANCHISE ACT

120. - 131.  The allegations contained in Count IV of the Complaint have been dismissed.  *See* DE #28.  Therefore, no response is required.  However, to the extent these allegations may be construed against Defendant, Defendant denies the allegations in paragraphs 120-131.

## COUNT V

## DEFAMATION

132. – 140.  The allegations contained in Count V of the Complaint have been dismissed.  *See* DE #28.  Therefore, no response is required.  However, to the extent these allegations may be construed against Defendant, Defendant denies the allegations in paragraphs 132-140.

## COUNT VI

## DECLARATORY RELIEF

141. Defendant re-alleges its answers to paragraphs 1-87, inclusive.

142. Defendant admits that the terms of the Agreements speak for themselves in terms of the covenants they include.  Defendant denies Plaintiffs' allegations in paragraph 142 to the extent that its characterizations are inconsistent with the terms of the Agreements.

143. This paragraph sets forth legal conclusions and questions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 143.

WHEREFORE CLAUSE.  The "WHEREFORE" clause following paragraph 143 of the First Amended Complaint contains no allegations of fact to which a response is required.  To the extent any response may be necessary, Defendant denies any and all liability and wrongdoing, and denies that Plaintiffs are entitled to any relief, whether legal, equitable, or otherwise.

## PLAINTIFFS' PRAYER FOR RELIEF AND DEMAND FOR JURY

Defendant admits that Plaintiffs seek the damages and relief requested in this section, but deny Plaintiffs are entitled to such relief.

## AFFIRMATIVE AND OTHER DEFENSES

As for separate defenses to the First Amended Complaint, and without conceding that Defendant has the burden of proof or persuasion as to any of them except as required by applicable law, Defendant states as follows:

### FIRST DEFENSE

Plaintiffs' Exclusive Agency Agreements were terminated for legitimate, non-retaliatory reasons.

### SECOND DEFENSE

Plaintiffs engaged in a material breach of the Allstate Exclusive Agency Agreement on which they base their claims, thereby excusing any non-performance by Allstate.

### THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, as they fail to state a claim upon which relief can be granted.

### FOURTH DEFENSE

Defendant, in good faith, performed the express terms of the contract.

## FIFTH DEFENSE

Counts I and III should be dismissed because the claims contradict clear and unambiguous provisions of the parties' R3001 Agreements.

## RESERVATION OF RIGHTS

Defendant reserves the right to assert additional affirmative defenses or defenses which it becomes knowledgeable during the course of discovery.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiffs' take nothing by reason of the Complaint and that the same be dismissed with prejudice on the merits;

2. That judgment be entered for Defendant;

3. That Defendant recover its costs of suits herein; and

4. That Defendant be granted such further relief as the Court deems just and proper.

Dated: May 13, 2022
      Miami, Florida

Respectfully submitted,

By: /s/ Ingrid H. Ponce
INGRID H. PONCE, ESQ.
Florida Bar No. 166774
iponce@stearnsweaver.com
STEARNS WEAVER MILLER WEISSLER
 ALHADEFF & SITTERSON, P.A.
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 789-3200
Facsimile: (305) 789-3395

ROBERT G. LIAN, JR., ESQ.
DC Bar No. 446313 (*pro hac vice*)
blian@akingump.com
KATHERINE I. HEISE, ESQ.
DC Bar No. 1672558 (*pro hac vice*)
kheise@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, N.W.
Washington, DC 20006
Telephone: (202) 887-4000
Facsimile: (202) 887-4288

*Attorneys for Defendant*
*ALLSTATE INSURANCE COMPANY*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 13th day of May, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of Court and served through electronic mail via transmission of Notices of Electronic Filing generated by CM/ECF to:

Eric A. Parzianello, Esq.
eparzianello@hspplc.com
John A. Hubbard, Esq.
jhubbard@hspplc.com
HUBBARD SNITCHLER & PARZIANELLO PLC
999 Vanderbilt Beach Road
Suite 200
Naples, Florida 34108

                                                */s/ Ingrid H. Ponce*
                                                INGRID H. PONCE