UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.: 21-60515-CIV-MORENO

PRESTIGE INSURANCE GROUP, LLC,
a Delaware Limited Liability Company,
and ULISES CICCIARELLI, an
individual,

    Plaintiffs,

v.

ALLSTATE INSURANCE COMPANY,
An Illinois Corporation,

    Defendant.
_____/

## DECLARATION OF JOSEPH T. CACKOWSKI

I, Joseph T. Cackowski, having personal knowledge of the facts contained herein and being competent to testify to them, hereby declare as follows:

1. I am a Field Business Conduct Consultant for Allstate Insurance Company. I have held this position for over twenty years and report to Dione Swann, Field Business Conduct Associate Manager.

2. As part of my position of Field Business Conduct Consultant, I regularly conduct audits related to falsification of information in insurance policy applications and related issues.

3. On August 21, 2020, I was asked by Allstate's Human Resources team to conduct a review of applications for insurance written by the Prestige Insurance Group, LLC, following a customer complaint that Allstate received from Kimberly Hutson who alleged that someone

1

Case 0:21-cv-60515-FAM Document 58-11 Entered on FLSD Docket 09/02/2022 Page 2 of 4

employed by Prestige Insurance falsified her marital status on her auto insurance application to earn commissions.

4. A true and correct copy of Ms. Hutson's complaint is attached hereto as Exhibit A.

5. I reviewed Hutson's Consolidated Insurance Profile ("CIP") (a consolidated view of the consumer report results run by an agency) and insurance policy information and observed that if Mr. Hutson's insurance score had been used to rate the policy that it would have resulted in a higher premium. Prestige Insurance listed the Hutsons as separated and showed Mr. Hutson not as Mrs. Hutson's spouse but as "other" on the policy.

6. A true and correct copy of the Hutson's policy application, which shows Ulises Cicciarelli as the Agent, is attached hereto as Exhibit B.

7. In her complaint to Allstate, Mrs. Hutson asked Allstate to investigate and correct the situation. *See* Ex. A.

8. Following the customer complaint, I conducted an audit of new business written by Prestige Insurance from August 1, 2020 through August 21, 2020, and I reviewed 100 policies bound by the agency during that time frame. It is standard practice to conduct an audit of this nature when Allstate receives a complaint about an agency related to policy falsification issues.

9. Upon further review, I concluded several policies were not written in accordance with Allstate guidelines. The policy issues ranged from falsification of marital status, prior insurance bodily injury limits, and misuse of the multi-policy discount.

10. For example, I reviewed a policy for Fitzroy and Icilda Lawrence, attached hereto as Exhibit C. Icilda Lawrence was listed as "separated" and her relationship to her husband, Fitzroy Lawrence as "friend." This was inconsistent with a prior Allstate policy, attached hereto as Exhibit D, which listed her husband, Fitzroy Lawrence as her "spouse."

11. My audit revealed that Joshua Rice was the employee of Prestige Insurance who quoted the Lawrence's policy.

12. As part of my audit, I also reviewed the CIP for Lillian Cromuel that was run by Prestige Insurance in order to determine her preliminary eligibility to obtain Allstate Insurance.

13. My audit revealed that Jonathan Wilks was the employee of Prestige Insurance who ran the CIP as part of the quote for Ms. Cromuel, and that her policy was later bound by Glen Hunter, another employee of Prestige Insurance.

14. I conducted a search of public records, attached hereto as Exhibit E, that revealed Ms. Cromuel was married to Quintis Levern Cromuel. The search also revealed Mr. Cromuel was the co-owner of the 2016 Dodge Ram listed on Ms. Cromuel's policy. *See* Ex. F. However, Mr. Cromuel was not rated or quoted on her Allstate insurance policy application. *See* Ex. G.

15. As a spouse and co-owner of the vehicle, Mr. Cromuel was required to have been listed in the application for insurance, and on the resulting policy, but he was not listed or rated on the policy when it was bound by Prestige Insurance. *Id*.

16. The audit also included a new business query which identified that between August 1, 2020 and August 28, 2020, Prestige Insurance bound 808 policies. Of those, 264 were bound on the first day the agency was open, Saturday, August 1, 2020. Further review of these policies revealed that a large number of the quotes were initiated through former Exclusive Agent Gerardo Rivas' agency by Prestige Insurance's staff.

17. Following the audit noted above, on September 16, 2020, I discussed my findings with Izabela Zeglen, Senior Investigator for Allstate Insurance Company. Allstate then initiated an investigation into Plaintiffs' agency, led by Ms. Zeglen.

UNDER PENALTIES OF PERJURY PURSUANT TO 29 U.S.C. § 1746, I DECLARE THAT I HAVE READ THE FOREGOING DECLARATION AND THAT THE FACTS STATED IN IT ARE TRUE AND CORRECT.

Executed on this 2nd day of September, 2022

DocuSigned by:
Joe Cackowski
80EE25D18DDC42B...

Joseph T. Cackowski

4