UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-60515-MORENO/STRAUSS

**PRESTIGE INSURANCE GROUP, LLC,** *et al.*,

 Plaintiffs,

v.

**ALLSTATE INSURANCE COMPANY,**

 Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court upon Defendant's Bill of Costs (the "Motion"). [DE 90]. The Motion has been referred to me to take all action as required by law. [DE 91]. I have reviewed the Motion, the attachments thereto, and the record in this case. For the reasons discussed herein, I respectfully **RECOMMEND** that the Motion be **GRANTED** and that Defendant be awarded taxable costs in the amount of **$6,282.18**.

## LEGAL STANDARD

"Unless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "[T]here is a strong presumption that the prevailing party will be awarded costs" under Rule 54. *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1166 (11th Cir. 2017) (quoting *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007)). While a trial court has some discretion in deciding whether to award costs, such discretion is not unlimited. *Id.* A decision to deny full costs must be supported by a sound reason. *Id.* (citing *Chapman v. AI Transport*, 229 F. 3d 1012, 1039 (11th Cir. 2000)).

Nevertheless, the presumption favoring an award of costs generally applies to only those costs that are taxable under 28 U.S.C. § 1920. *Id.* (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987)). In other words, a court's discretion to award costs under Rule 54 is limited by the categories of taxable costs specified in § 1920. *Id.* (citing *Arcadian Fertilizer, L.P. v. MPW Indus. Servs. Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001)). Section 1920 specifically permits the taxation of the following costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

## **ANALYSIS**

On December 29, 2022, I entered a Report and Recommendation recommending granting Defendant's Motion for Summary Judgment. [DE 84]. On January 23, 2023, the District Court entered an order affirming and adopting my Report and Recommendation and granting Defendant's Motion for Summary Judgment ("MSJ Order"). [DE 86]. The District Court also entered a separate Final Judgment in favor of Defendant. [DE 87]. Thus, Defendant is clearly the prevailing party. Therefore, Defendant is entitled to an award of taxable costs.

Pursuant to the Motion, Defendant seeks an award of the following costs:

| Description | Amount |
|---|---|
| Service of Summons and Subpoena | $650.00 |
| Printed or Electronically Recorded Transcripts | $4,972.18 |
| Copies | $660.00 |
| **Total** | **$6,282.18** |

Plaintiffs certify that they do not oppose Defendant's Motion or any of the costs sought therein. [DE 96]. Despite this, "the Court has an independent duty to only award costs which are lawful and justified under federal law." *Richardson v. Fla. Drawbridges Inc.*, No. 21-CV-80803, 2022 WL 3370789, at *1 (S.D. Fla. Aug. 16, 2022).

### A. Service of Summons and Subpoena

Fees for service of a summons or subpoena by private process servers are taxable under § 1920(1). *See* 28 U.S.C. § 1921; *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 623-24 (11th Cir. 2000). However, the service fee charged by a private process server may not exceed the amount charged by the U.S. Marshal. *See W&O*, 213 F.3d at 624. The Marshal charges $65 per hour for each item served (plus travel costs and any other out-of-pocket expenses). 28 C.F.R. § 0.114(a)(3). Here, Defendant has requested only $65 for each address at which it attempted to serve process. Therefore, Defendant should be awarded the $650 they have requested.

### B. Transcripts

Defendant is entitled to recover the $4,972.18 sought in transcript expenses. The taxing of costs is permitted for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Thus, deposition transcript costs are taxable if the transcripts were "necessarily obtained for use in the case." *W&O*, 213 F.3d at 621. *See also Pronman v. Styles*, No. 12-80674-CIV, 2015 WL 6913391 (S.D. Fla. Nov. 10, 2015). To satisfy

the necessarily obtained requirement – in order to recover transcript expenses – a deposition must only appear to have been reasonably necessary when it was taken.  *See W&O*, 213 F.3d at 620-22; *Savino v. Federated Law Grp., PLLC*, No. 18-60956-CIV, 2019 WL 2008901, at *1 (S.D. Fla. Mar. 28, 2019); *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1292 (S.D. Fla. 2015); *Pronman*, 2015 WL 6913391.  Moreover, the party challenging the cost has the burden of demonstrating that the specific deposition "was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *Pronman*, 2015 WL 6913391 (quoting *George v. Fla. Dep't of Corr.*, No. 07–80019–CIV, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008)).

Defendant seeks to recover transcript expenses associated with obtaining four different transcripts.  *See* [DE 90-3].  It posits that all of the transcripts were necessarily obtained for use in the case.  By indicating that they do not oppose the Motion, Plaintiffs have failed to discharge their burden of showing otherwise.  As such, I find that transcript costs sought (in the amount of $4,972.18) are reasonable and should be taxed against Plaintiff.

### C. Copies

28 U.S.C. 1920(4) provides for the taxation of copying costs if the copies were "necessarily obtained for use in the case."  In the Motion, Defendant asserts that it "reasonably believes the copies made were necessary for use in this case." [DE 90 at 6].  Thus, based on the representations in the Motion, and without the benefit of a response, I conclude that the copying costs in the amount of $660.00 should be taxed against Plaintiff.

## CONCLUSION

For the reasons discussed above, I respectfully **RECOMMEND** that the Motion [DE 90] be **GRANTED IN PART and DENIED IN PART** and that the District Court award Defendant taxable costs in the amount of **$6,282.18,** plus interest (from January 23, 2023).[1]

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Federico A. Moreno, United States District Judge.  Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 14th day of March 2023.

Jared M. Strauss
United States Magistrate Judge

---

[1] *See Ga. Ass'n of Retarded Citizens v. McDaniel*, 855 F.2d 794, 799 (11th Cir. 1988) ("[W]hen a district court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment.").